IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 3:23-CR-91-KAC-JEM |
| ) | |
| BRIAN J. LIPFORD, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM & ORDER**

This case is before the undersigned on Defendant Brian Lipford's Motion to Reopen Detention [Doc. 29], filed on December 19, 2023. *See* 28 U.S.C. § 636(b). Defendant Lipford was arrested in the Eastern District of Michigan, had a detention hearing before United States Magistrate Judge Anthony P. Patti, and was detained [Doc. 10 pp. 1, 7–8]. Defendant now asks the undersigned to reopen his detention hearing and to release him on conditions, including that he live with his grandmother, who will serve as his third-party custodian, and that he be on home confinement and/or electronic monitoring as the Court finds appropriate [Doc. 29 p. 3]. Defendant Lipford specifically asks the Court to reconsider evidence presented in his prior detention hearing, namely the facts relating to a traffic stop and allegations of a controlled buy [*Id.* at 2–3].

The Court ordered the Government to respond to Defendant Lipford's motion [Doc. 30]. The Court specifically asked the Government to state its position on whether the undersigned may reopen the detention hearing and reweigh the evidence considered by Magistrate Judge Patti.

In its response, the Government states that it opposes Defendant Lipford's motion [Doc. 31]. The Government concedes that there were three errors in Magistrate Judge Patti's order:

> (1) the indictment is for aiding and abetting the distribution of fentanyl and cocaine, not just cocaine; (2) a search of the car subject to this case included the seizure of a small amount of cocaine and a larger quantity of fentanyl, along with a 9mm Ruger (the defendant wasn't charged with possession of this firearm – only his co-defendant was charged with firearms offenses); and (3) the drug transaction referenced in the order from three months earlier involved a confidential informant ordering heroin instead of cocaine; the informant did receive fentanyl and methamphetamine as stated in the Judge's order.

[*Id.* at 2]. The Government contends, however, that despite these errors, Defendant Lipford should be detained because he is indicted for a drug trafficking offense, he has a significant criminal history, and he has a history of substance abuse [*Id.*].

Defendant Lipford does not cite to 18 U.S.C. § 3142(f) in his motion, but he does ask the Court to "reopen" the detention hearing [Doc. 29 p. 1]. *See* 18 U.S.C. § 3142(f) ("The [detention] hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community."). The Court finds it need not decide whether Defendant has sufficiently met the standard to reopen the detention hearing under § 3142(f) because this Court cannot "reopen" a detention hearing conducted by another magistrate judge. "'Reopening' of a detention hearing occurs when the same judicial officer before whom the detention hearing was originally conducted revisits the issue of detention." *United States v. Hanson*, No. 3:22-cr-76, 2022 WL 1813585, at *3 (N.D. Ohio May 3, 2022) (citing cases), *adopted by*, 2022 WL 1803337 (N.D. Ohio June 2, 2022). Neither the undersigned, nor the District Judge assigned to this case, is the judicial officer who originally issued the order detaining Defendant Lipford. Hence, "as a matter of law, the present motion does not constitute a request to reopen the detention hearing." *Id.* at *4.

Yet, a defendant in these circumstances is not without recourse. Section 3145(b) permits a defendant, who is detained by a magistrate judge outside of the charging district, to file a motion to revoke or amend the order of detention in the court with original jurisdiction over the offense. 18 U.S.C. § 3145(b). Such motions must be "determined promptly." *Id.*

Here, the Court construes Defendant Lipford's Motion to Reopen Detention as a motion to revoke or amend Judge Patti's detention order pursuant to § 3145(b). *See Hanson*, 2022 WL 1813585, at *2–3; *see, e.g.*, *United States v. Baker*, No. 6:21-cr-32, 2021 WL 2744512, at *4 & *4 n.1 (E.D. Ky. July 1, 2021) (treating the government's argument on reopening the detention hearing as a request to revoke the release order under § 3145(a), even though it entitled the government to a second "bite[] of the apple" in the form of an evidentiary hearing and *de novo* review). While the undersigned "lack[s] authority" to determine a § 3145(b) motion on the merits, the Court may consider it and make a report and recommendation to the District Judge. *Hanson*, 2022 WL 1813585, at *3; *see also United States v. Simmons*, Case No. 3:22-CR-20, 2022 WL 9799683, at *2 (E.D. Tenn. Aug. 20, 2022); *United States v. Shaw*, No. 5:17-CR-26-KKC-REW, 2017 WL 5711438, at *2–3 (E.D. Ky. Nov. 17, 2017), *adopted by*, 2017 WL 5710443 (E.D. Ky. Nov. 27, 2017) (explaining that although a magistrate judge cannot review another magistrate judge's decision to release a defendant, a district judge may refer the government's motion to revoke a release order to a magistrate judge for report and recommendation); Standing Order SO-13-02, *In re: Designation of Magistrate Judges to Hear and Determine Pretrial Matters* (E.D. Tenn. Aug. 16, 2013). The Court finds this course will promote judicial efficiency and the prompt disposition of Defendant Lipford's motion.

Accordingly, the Court will contact the parties to set this matter for a hearing and prepare a report and recommendation for the District Judge.

**IT IS SO ORDERED.**

ENTER:

_____
Jill E. McCook
United States Magistrate Judge